IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Nabeel M. Ashraf, | Case No. 3:07 CV 78 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Robert Tapia, et al., | |
| Respondents. | |

On January 11, 2007, *pro se* Petitioner Nabeel M. Ashraf filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Northeast Ohio Correctional Center (NEOCC) which is located within the jurisdiction of the Northern District of Ohio. He brings this action against Robert Tapia (NEOCC Warden), John Ferguson (President of Correctional Corporation of America), and Harley Lappin (Director of the Federal Bureau of Prisons), seeking an order vacating his conviction for being in illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(B).

## BACKGROUND

Petitioner, a native of Kuwait, entered the United States under a "F-1," or student visa, in August 1992. Five years later, he married a permanent resident of the United States, Monika Taskova. The couple filed a Petition for Alien Immigrant Relative (Form I-130) in October 1997. Petitioner also filed an Application to Register for Permanent Residence (Form I-485).

Petitioner's wife became a naturalized citizen of the United States in January 2000. Petitioner claims he verbally notified the Immigration and Naturalization Service (INS) of this fact "and then

mailed the information in April 2000 to upgrade his file and Status" (Pet. at 4). It was at this time that he also "reestablished his gun sporting and collection hobby," having been an avid participant in "[g]un sports since the age of 4 years old beginning in Kuwait." (Pet. at 4).

On October 17, 2001, Petitioner's home was "surrounded and rushed" by FBI, Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATF) and INS agents. At that time he was "shocked" to learn that INS had granted his wife's I-130 petition in July 1998, but mailed the notice to the wrong address. He also learned for the first time that his I-485 application was denied in September 2000. The law enforcement authorities assured him that "there was a mix-up of sorts and that his immigration file would get fixed. Furthermore, that if he could sign a firearm release form for the BATF/FBI to check his firearms so as to prevent an arrest and prosecution -- that Petitioner (Ashraf) would be left alone." (Pet. at 6).

In spite of these assurances, the BATF filed a complaint for forfeiture, charging Petitioner with violating 18 U.S.C. § 922 (g)(5)(A) or (B).[1] He claims he "stipulated as [he was] advised that the cost [of] representation would cost more than firearms and accessories, and [the] case was dismissed in

---

[1]The statute provides, in relevant part:

(g) It shall be unlawful for any person --

\* \* \*
(5) who, being an alien --

(A) is illegally or unlawfully in the United States; or

(B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2

July 2002" (Pet. at 6). Within two months, however, a sealed indictment was filed against Petitioner, charging him with violating 18 U.S.C. § 922(g)(5)(B).

Petitioner was convicted by a jury in the United States District Court for the Southern District of Florida on February 10, 2003. The court sentenced him to a term of seventy-eight months on May 27, 2003. He appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. In his petition, he raised the following four questions as grounds for an appeal: (1) whether the district court erred in denying his motion to acquit; (2) whether the regular INS practice of granting residency estops the government; (3) whether the district court erred in admitting evidence of mens rea; and (4) whether the district court erred when it charged him with obstruction of justice. The Eleventh Circuit affirmed his conviction and sentence on March 10, 2004.

Petitioner then returned to the Southern District of Florida and filed a motion to vacate or set aside judgment pursuant to 28 U.S.C. § 2255 and asserted: (1) violations of the Vienna Convention; (2) miscarriage of justice based on the fact that he had a state permit; (3) mistakes by the BATF; (4) the ambiguity of the charging statute; (5) exemption of his rifle from being categorized as an assault weapon; and (6) ineffective assistance of counsel. The court denied his motion on January 12, 2006.

In the Petition before this Court, Petitioner maintains that his remedy under Section 2255 is inadequate to test the legality of his sentence. He asserts that his conviction and sentence are in violation of the Constitution and laws of the United States because he is "actually innocent" of the alleged offense. He contends that no reasonable juror would have convicted him in light of all the evidence not presented at trial, which he now presents in his Section 2241 petition" (Pet. at 7).

3

## ANALYSIS

Petitioner argues that during the time he was charged he was an "Immigrant and not a Non-Immigrant; he had a legal permit to possess his firearms and ammunition exempting him from violation of alleged offense; the Government failed to inform the Public (Petitioner) of any impediment to his firearm possession under alleged offense; and since Petitioner's purchases through Federal Firearm Licennsees [sic] (FFLs) were legal, the Government due to 'Entrapment by Estoppel' is estopped from charging him under the alleged offense." (Pet. at 2).

## 28 U.S.C. § 2241

"Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255," while "claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted).

While Plaintiff brings a Section 2241 claim, and the Court has jurisdiction over the NEOCC, Plaintiff is challenging his conviction and the imposition of his sentence, which should be filed under Section 2255, not Section 2241.

However, Section 2255 provides a savings clause whereby "a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Charles*, 180 F.3d at 756 (quoting 28 U.S.C. § 2255). It is under the savings clause of Section 2255 that Petitioner requests this Court find his conviction is void and he is "actually innocent" of the charges for which he was convicted by a jury in 2003.

4

The underlying purpose for invoking the savings clause is to permit prisoners to raise claims of actual innocence when they might otherwise be barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214. *Charles*, 180 F.3d at 756-57. To that end, the Sixth Circuit has found Section 2255 to be inadequate or ineffective only when the petition raises a facially valid claim for actual innocence. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

The Supreme Court has clarified that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998)*; Martin*, 319 F.3d at 804. To make such a demonstration, Petitioner must show an intervening change in the law or extraordinary circumstances reflecting his actual innocense. *Lott v. Davis*, 105 Fed. Appx. 13, 15 (6th Cir. 2004). Petitioner fails to demonstrate his Section 2255 remedy is inadequate or ineffective, as he fails to show an intervening change in the law or extraordinary circumstances establishing he is actually innocent of his crimes. Furthermore, unlike others who requested and obtained Section 2241 review of their claims because they were denied an opportunity to present their Section 2255 claims on appeal, or in a prior Section 2255 motion to vacate, Petitioner brought an appeal and filed a motion to vacate. *Truss v. Davis*, 115 Fed. Appx. 772, 774 (6th Cir. 2004). Petitioner's remedy under Section 2255 is not rendered inadequate or ineffective simply because the courts denied relief under Section 2255. *Charles,* 180 F.3d at 756-58 (the remedy under Section 2255 is not rendered inadequate or ineffective simply because relief under Section 2255 is denied, permission to file a second motion to vacate is denied, or the statute of limitations expired).

As Petitioner fails to prove his Section 2255 remedy is inadequate or ineffective, this Court has subject matter jurisdiction and this matter is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Further, as Petitioner fails to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 20, 2007